**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JOE LEA
#189917                                                                              PLAINTIFF

v.                                          4:26-cv-00517-DPM-JJV

MIKE KNADOL,
Sheriff, Dallas County; *et al.*                                          DEFENDANTS

**<u>RECOMMENDED DISPOSITION</u>**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      INTRODUCTION**

Plaintiff Joe Lea is a convicted prisoner in the Dallas County Detention Center who is seeking relief pursuant to 42 U.S.C. § 1983.  On May 27, 2026, I entered an Order explaining to Plaintiff why his original Complaint included improperly joined claims and failed to state a plausible claim for relief.  (Doc. 3.)  I explained to him how to bring properly joined claims and what additional information he needed to provide to state plausible claims.  I then gave him thirty days to file an Amended Complaint curing his pleading deficiencies and cautioning him this case could be dismissed if he did not timely follow my instructions.  Plaintiff has filed an Amended Complaint that includes only one properly joined claim.  (Doc. 4.)  Although Plaintiff's allegations

1

are concerning, I conclude the Amended Complaint still fails to state a plausible claim for relief for the following reasons. *See* 28 U.S.C. § 1915A (requiring the court to screen a prisoner's complaint against government officials prior to service).

## II.    DISCUSSION

The Amended Complaint says:

> In 2023, I was a inmate in Dallas County Jail and was denied medical. I suffered a stroke that ended me losing partial eyesight in my right eye. I was only informed to lay down on my rack after my stroke. I never seen a nurse or doctor.

(Doc. 4 at 4.) As Defendants, Plaintiff has named Jail Administrator Kathren Shuler and Sheriff Mike Knadol, who have been sued in their official and individual capacities.

First, the Amended Complaint does not renew any allegations against former Sheriff Stan McGee, who was named as a Defendant in the now obsolete original Complaint. (Doc. 2.) Thus, he is no longer a party in this lawsuit.

Second, the statute of limitations for § 1983 actions filed in Arkansas is three years. *Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). Although I have advised him to do so, Plaintiff has not clarified if his stroke happened on or after May 20, 2023, which is three years before he commenced this action on May 20, 2026. (Doc. 3.)

Third, Plaintiff's official capacity claim must be treated as a suit against the county itself. *See Hall v. Higgins*, 77 F.4th 1171, 1178 (8th Cir. 2023); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Because there is no vicarious liability in § 1983 actions, Dallas County cannot be held liable merely because it is the employer of the individuals who may have violated Plaintiff's constitutional rights. Instead, Dallas County can only be held liable if the constitutional violation resulted from: (1) an official municipal policy, (2) an unofficial custom, or (3) a

2

deliberately indifferent failure to train or supervise. *See Partridge v. City of Benton, Arkansas,* 157 F.4th 970, 973 (8th Cir. 2025); *Leftwich ex rel. Leftwich v. Cnty. of Dakota*, 9 F.4th 966, 972 (8th Cir. 2021). Because Plaintiff has not explained how he was denied adequate medical care pursuant to any of these three situations, he has failed to plead a plausible official capacity claim.

Fourth, to plead an inadequate medical care against Defendants Knadol and Shuler in their personal capacities, it must be plausible that: (1) Plaintiff had an objectively serious medical need; and (2) Defendants Knadol and Shuler subjectively knew of, but deliberately disregarded, that serious medical need. *See Jones v. Faulkner Cnty.,* 131 F.4th 869, 874 (8th Cir. 2025); *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021). The Amended Complaint falls short on the second element of deliberate indifference, which is a high threshold that goes well beyond negligence or gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023). To establish deliberate indifference, there must be evidence the defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original). This level of mental culpability is "akin to criminal recklessness." *Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023). And a mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *See Hall,* 77 F.4th at 1179.

Plaintiff has not provided any facts explaining how Defendant Knadol or Shuler subjectively knew he was having a stroke, but deliberately disregarded his need for medical care for that condition. And they cannot be held liable in their personal capacities for constitutional violations that may have been committed by their subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is

3

insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, the Amended Complaint does not state a plausible claim for relief.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   The Amended Complaint (Doc. 4) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted, and this case be CLOSED.

2.   In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 16th day of June 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4